# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class MICHAEL S. JORGENSEN**
**United States Army, Appellant**

ARMY 20111094

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel Daniel G. Brookhart, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA (on brief).

27 July 2012

-------------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
-------------------------------------------------------------------

KRAUSS, Judge:

A military judge, sitting as a special court-martial empowered to adjudge a bad conduct discharge, convicted appellant, pursuant to his pleas, of one specification of absence without leave, one specification of failing to go to appointed place of duty, one specification of willfully disobeying a superior commissioned officer, and four specifications of wrongful use of cocaine in violation of Articles 86, 90, and 112a Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 912a (2006) [hereinafter UCMJ].  The court-martial sentenced appellant to a bad-conduct discharge and confinement for 100 days.  In accordance with a pretrial agreement, the convening authority approved only 3 months confinement as well as the bad conduct discharge and credited appellant a total of 77 days for pretrial confinement, conditions of confinement and illegal pretrial punishment.

This case is before the court for review under Article 66, UCMJ.  Appellant submitted the case on its merits and personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We have considered the record of trial and the matters submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

Pursuant to the ultimate offense doctrine and in light of the fact that breaking restriction can no longer be considered a lesser included offense of willfully disobeying a superior commissioned officer, despite pleadings suggesting otherwise, we find a substantial basis in law and fact to reject appellant's plea to Charge II and its Specification.

Neither the stipulation of fact nor the providence inquiry at trial developed or established sufficient facts to support a plea of guilty to a violation of Article 90 but rather merely establish the offense of breaking restriction in violation of Article 134. *See United States v. Traxler*, 39 M.J. 476 (C.M.A. 1994); *United States v. Peaches*, 25 M.J. 364 (C.M.A. 1987); *United States v. Bratcher*, 39 C.M.R. 125 (C.M.A. 1969); *United States v. Loos,* 4 U.S.C.M.A. 478, 480–81, 16 C.M.R. 52, 54–55 (1954). In addition, the offense of breaking restriction can no longer be considered a lesser included offense of disobeying a superior commissioned officer so this court is not free to substitute the former for the latter. *See generally United States v. Jones*, 68 M.J. 465, 472 (C.A.A.F. 2010). Though the military judge treated the offense as one of breaking restriction for sentencing purposes, the proper remedy is dismissal of the charge under the circumstances. *See Id.* at 472-73 and *see, e.g.*, *United States v. Peaches*, 25 M.J. 364 (C.M.A. 1987).

Therefore we find a substantial basis in law and fact to reject appellant's plea of guilty to Charge III and its Specification and disapprove the finding of guilty. *See United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

On consideration of the entire record, including consideration of the issues personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we disapprove the finding of guilty as to Charge II and its Specification, and find the remaining findings of guilty correct in law and fact. Accordingly, Charge II and its Specification are dismissed; the remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

Senior Judge JOHNSON and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2